Daniel S. Silverman (State Bar No. 137864)
dssilverman@venable.com
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310.229.0373
Facsimile: 310.229.9901

Ian D. Volner (*pro hac vice*)
idvolner@venable.com
Ellen Traupman Berge (*pro hac vice*)
etberge@venable.com
Kelly A. DeMarchis (*pro hac vice*)
kademarchis@venable.com
Venable LLP
575 7th Street NW
Washington, DC 20004
Telephone: 202.344.4000
Facsimile: 202.344.8300

Attorneys for Defendants
HERBALIFE INTERNATIONAL, INC. and
HERBALIFE INTERNATIONAL OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER NOWICKI CLARK, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HERBALIFE INTERNATIONAL, INC., HERBALIFE INTERNATIONAL OF AMERICAN, INC. and HERBALIFE LTD.,<br><br>Defendants. | CASE NO. CV 12-08982 PSG (CWx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** February 25, 2013<br>**Time:** 1:30 p.m.<br>**Ctrm:** 880<br>**Judge:** Hon. Philip S. Gutierrez |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 25, 2013, or as soon thereafter as the matter may be heard before the Honorable Philip S. Gutierrez, located at 312 North Spring Street, Los Angeles, California 90012-4710, Defendants Herbalife International Inc. and Herbalife International of America, Inc. (collectively, Herbalife or "Defendants"), will and hereby do move the Court to dismiss with prejudice the action pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted, on the following grounds:

(1) Plaintiff's claims for violation of the Telephone Consumer Protection Act of 1991 (the "TCPA") fail to allege any connection between Defendants and the unknown sender of the single SMS message that comprises the entire basis for the allegations in the Complaint; (2) Plaintiff's claim for violation of Cal. Bus. & Prof. Code § 17200 et seq. is solely based upon the alleged violation of the TCPA and thus, must necessarily be dismissed in conjunction with the TCPA claims.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 6, 2012. At the same conference of counsel, the parties also conferred on a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure Rule 11, which Defendants intend to file as soon as timely.

/ / /
/ / /
/ / /

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Ian D. Volner, all pleadings, records, and papers filed in this action, the argument of counsel, any supplemental memoranda that may be filed by the parties, and such further evidence as the Court may consider at or before the hearing of this Motion.

Dated: December 17, 2012   VENABLE LLP

By: /s/ Daniel S. Silverman
Daniel S. Silverman

Attorneys for Defendants
HERBALIFE INTERNATIONAL, INC. and HERBALIFE INTERNATIONAL OF AMERICA, INC.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

I.  INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 1

    A.  The Parties ................................................................................... 1

    B.  Factual Allegations in the Complaint ........................................... 2

III. ARGUMENT ........................................................................................ 3

    A.  Standard of Review ...................................................................... 3

    B.  Plaintiff Has Failed to Allege Facts Sufficient to Support A Claim Under the TCPA ............................................................... 4

    C.  Plaintiff Has Failed to Allege Facts Sufficient to Support A Claim Under § 17200 *et seq.* of the California Business and Professions Code ........................................................................ 8

IV. CONCLUSION .................................................................................... 9

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# TABLE OF AUTHORITIES

**Cases**

*Account Outsourcing, LLC v. Verizon Wireless,*
   329 F.Supp. 2d 789 (M.D. La. 2004) ........................................................ 6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................. 3

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................. 3

*Charvat v. Echostar Satellite, LLC,*
   630 F.3d 459 (6th Cir. 2010) ................................................................... 6

*Cousins v. Lockyer,*
   568 F.3d 1063 (9th Cir. 2009) ................................................................. 3

*Hughes v. Frontrange Solutions USA, Inc.,*
   No. D049869, 2007 Cal. App. Unpub. LEXIS 8344, at *27 n. 14
   (Cal. Ct. app. Oct. 16, 2007) ................................................................... 8

*In re Jiffy Lube Int'l, Inc., Text Spam Litig.,*
   847 F. Supp. 2d 1253 (S.D. Cal. 2012) ............................................... 4, 6

*Satterfield v. Simon & Schuster, Inc.,*
   569 F.3d 946 (9th Cir. 2009) ................................................................... 4

*Strom v. United States,*
   641 F.3d 1051 (9th Cir. 2011) ................................................................. 3

*Thomas v. Taco Bell Corp.,*
   Case No. 09-01097, 2012 U.S. Dist. LEXIS 107097
   (C.D. Cal. June 25, 2012) ........................................................................ 6

**Statutes**

47 C.F.R. § 64 ................................................................................................ 4

47 C.F.R. § 227 ......................................................................................... 4, 8

**Rules**

Fed. R. Civ. P. 8 ............................................................................................ 3

Fed. R. Civ. P. 12 .......................................................................................... 3

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## Practice Guides

2 Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2012) ¶ 9:187.5 ................................................................... 3

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Herbalife International Inc. and Herbalife International of America, Inc. (collectively, "Herbalife" or "Defendants")[1] respectfully move this Court to dismiss the Complaint filed by plaintiff Jennifer Nowicki Clark ("Clark" or "Plaintiff"). In support thereof, Herbalife states as follows:

## I. INTRODUCTION

Plaintiff's Complaint for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA" or the "Act") and the California Unfair Competition Law fails to state a claim upon which relief can be granted, requiring dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint alleges that Herbalife sent Plaintiff a SMS message that violates the TCPA, but critically fails to plead any facts that would establish Herbalife as the sender of the message. That failure is the death knell to Plaintiff's case, as without such an allegation, with factual support, Plaintiff cannot state a claim. The alleged violation of the California Unfair Competition Law is wholly premised on the TCPA claims and, as such, must also be dismissed.

## II. FACTUAL BACKGROUND

### A. The Parties

Herbalife International Inc. is a global nutrition company whose weight management, nutritional supplement, energy, sports & fitness, and personal care products are sold exclusively through Herbalife independent distributors in more than 80 countries. Herbalife International of America, Inc., is its United States-based wholly owned subsidiary. As a multi-level marketer, Herbalife's network of

---

[1] The third named defendant, Herbalife Ltd., is a corporate parent holding company of other Herbalife entities. It does not conduct any business. To date, it is Herbalife's understanding that Herbalife Ltd., has not been served with a copy of the complaint.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1
DEFTS' NTC MTN AND MTN TO DISMISS PLTF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)
6282994-v1

independent distributors are responsible for marketing and advertising the products that they sell.

According to the Complaint, Plaintiff Clark is an individual resident of Cumming, Georgia. (Compl. ¶ 5). Plaintiff Clark alleges that she received a single Short Message Service message (a "SMS" or "text" message) on her cellular phone from an unknown party that she assumes is connected to Herbalife, without her having provided consent to Herbalife to contact her. (Compl. ¶ 21). This single message, without any factual basis illuminating its connection to Herbalife, forms the entire basis for the Complaint.

### B. Factual Allegations in the Complaint

Plaintiff Clark alleges that on or about September 29, 2012, she received a text message on her cellular phone. This message allegedly read in its entirety:

> FRM:yuri
> SUBJ:Ennifer
> MSG:People in your area are earning 65hr from home at www.leakdisclosure.com

(Compl. ¶ 14). The message came from an incomplete phone number reported as "1 (410)000-004." Id. Plaintiff alleges that she followed the "leakdisclosure" hyperlink, which had no content, and was automatically redirected "to a website owned and operated by Defendant Herbalife" which advertised sales positions for Herbalife and marketed Herbalife "at home sales kits." (Compl. ¶18). Significantly, the Complaint does not provide any information identifying the "website owned and operated" by Herbalife, any information linking leakdisclosure.com and Herbalife, and does not provide the alleged Herbalife website's domain name or URL. Instead, the Complaint infers, without factual support, that because the text message pointed Plaintiff to leakdisclosure.com, and then eventually led to some website "owned and operated by Herbalife," that Herbalife was responsible for sending the initial SMS message.

6282994-v1

## III. ARGUMENT

### A. Standard of Review

A Rule 12(b)(6) motion tests the "legal sufficiency" of the claim or claims stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). Legal sufficiency is measured by the general pleading rules set forth in Federal Rule of Civil Procedure 8, applicable statutes containing special pleading rules, as well as the text of Rule 12(b)(6), which requires that a complaint state a "claim upon which relief can be granted." 2 Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2012) ¶ 9:187.5 at 9-62 (citation omitted).

In light of the Supreme Court's 2007 and 2009 pleading decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, a complaint now must allege "enough facts to state a claim to relief that is plausible on its face" in order to show "that the pleader is entitled to relief" within the meaning of Rule 8(a)(2), 550 U.S. 544, 570; 556 U.S. 662, 677-78, (emphasis added).

Iqbal underlined that plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Courts ruling on motions to dismiss must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff has failed to allege facts sufficient to support a claim under the TCPA

Both the first and second claims for relief rely upon the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. The Complaint alleges both negligent and knowing and/or willful violations of the TCPA. (Compl. ¶¶ 48, 52). Because the Complaint fails to allege facts supporting any violation of the TCPA, for the purposes of this memorandum, Defendants will treat both claims together.

The TCPA governs text messaging by prohibiting the use of an automated telephone dialing system ("ATDS") "to make any call [without prior express consent] … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227 (b); *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d. 1253, 1256 (S.D. Cal. 2012).[2] The Ninth Circuit has held that a text message qualifies as a "call" under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). An ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. § 227(a)(1); *In re Jiffy Lube, Id.*

The Complaint alleges that Herbalife "by itself or through an intermediary," caused the text message at issue to be transmitted. (Compl. ¶ 14). This unsupported assumption is the entire basis for Plaintiff's claims. The Complaint proffers **no facts** to link the SMS message received by the Plaintiff, to the

---

[2] In February 2012, the Federal Communications Commission ("FCC") revised its regulations to require prior express <u>written</u> consent for calls (including SMS messages) made using an autodialer or prerecorded voice to a wireless line. The change does not become effective until October 16, 2013; in the interim, the previous standard of "prior express consent" remains in effect, 47 C.F.R. § 64.1200(a)(2). The Complaint confuses the two standards and uses partial references to them interchangeably. *See, e.g.*, Complaint ¶ 29 ("express consent"); Complaint ¶ 30 ("express written consent").

4

intermediate site through which she was "automatically redirected," to her final destination, a website "owned and operated by Herbalife." (Compl. ¶ 18). Conceding for purposes of this motion that the Complaint is true, and assuming that the Plaintiff did eventually reach an Herbalife website, there are **no facts** on the face of the Complaint that indicate that Herbalife **sent the text message** that started the Plaintiff on this journey to a final, unnamed Herbalife destination. Nor does Plaintiff allege facts to demonstrate Herbalife authorized the text message. The TCPA governs telephone calls and the sending of text messages only, not web surfing in general. Without connecting Herbalife to sending the initial text message in the Complaint, and the Complaint does not draw this connection, there is no violation of the TCPA.

It cannot be assumed that Herbalife sent or authorized the initial text message solely because the initial message allegedly contained the first step in a series of links that culminated in some Herbalife owned website property. The online world simply does not work this way. Any individual, for any number of unknown reasons, could have pasted the leakdisclosure.com link into a text message without any regard for where a chain of links that a web user may follow eventually ends up. In fact, the few clues to the sender of the SMS message that are contained in the Complaint—the partial phone number, the leakdisclosure.com link, the text of the SMS message itself (which does not mention Herbalife or its products), and the mechanism through which the plaintiff was allegedly automatically redirected to a Herbalife site—all point to some entity other than Herbalife. The SMS message does not mention or promote Herbalife in any way. The TCPA governs the sending of the SMS message, not the internet, as accessed through a mobile device, at large. Without Herbalife initiating the text message or being connected in some other way to the SMS message received by Plaintiff, there is no liability under the TCPA.

If Herbalife did not directly set the chain in motion by sending the SMS message, which is not supported by the Complaint, it is also not sufficient to establish Herbalife's liability under the TCPA based on the actions of some unnamed third party, unknown and not directed to do so by Herbalife, to have sent the initial SMS message. Several courts have ruled on the availability of a theory of vicarious liability under the TCPA, generally holding that vicarious liability is available under the Act. See, e.g., *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256 (S.D. Cal. 2012); *Account Outsourcing, LLC v. Verizon Wireless*, 329 F. Supp. 2d 789, 805-06 (M.D. La. 2004). While Herbalife acknowledges case law that holds that the liable party does not have to physically press the button that sends the text message, in order to survive a motion to dismiss, the Complaint must allege that Herbalife exercised control or direction over the entity who dId. *See In re Jiffy Lube*, 847 F. Supp. 2d at 1258.³

As *Thomas v. Taco Bell Corp.*, Case No. 09-01097, 2012 U.S. Dist. LEXIS 107097 (C.D. Cal. June 25, 2012) (Carney, J.), makes clear, in order for a third party's actions to impose TCPA liability on a primary party, the beneficiary of the SMS message, in this case allegedly Herbalife, must exercise control over the actions of the sender of the message. Here again, the Complaint fails to make any allegation that an unnamed third party acted as an agent of Herbalife or at Herbalife's instruction or direction. In *Thomas*, Plaintiff Thomas sued Taco Bell

---

³ Due to the ambiguity of the phrase "on behalf of," a number of plaintiffs have filed class action lawsuits against entities who used third parties to allegedly send calls/SMS messages in violation of the TCPA. In one of these lawsuits, *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010), the Sixth Circuit held that the phrase "on behalf of" was a matter which necessitated FCC interpretation, and, thus, FCC interpretation was required. Dish Network LLC was ordered by the Sixth Circuit Court of Appeals to file a petition in front of the FCC seeking a declaratory ruling on the scope and availability of vicarious liability under the TCPA, which it did in March 2011. *In the Matter of Petition of DISH Network L.L.C. f/k/a EchoStar Satellite L.L.C. for a Declaratory Ruling before the FCC*, Docket No. 11-50 (filed March 10, 2011). The FCC requested public comment on the issue; the comment period closed in May 2011. To date, there has been no ruling on the petition.

based on the allegation that she received a text message sent as part of a marketing campaign conducted by an Association of Chicago-area local Taco Bell franchises. The Association had engaged an advertising firm, who, in turn, hired a vendor to actually send the text messages, which promoted a local Chicago advertising campaign to Chicago residents, and was not connected to any national Taco Bell campaign. Taco Bell could only be liable under the TCPA if its control extended throughout the chain of relationships to the point where it exercised some degree of control over the vendor who actually pressed the button to send the messages.

The court read the scope of vicarious liability available under the TCPA to include traditional standards of vicarious liability, including alter ego and agency doctrines. *Id.* at *11. The court noted that plaintiff must allege an agency relationship between the potentially liable entity and the sender of the message, or allege that the entity controlled or had the right to control the sender of the message, specifically, the manner and means in which they conducted the text campaign. *Id.* at *13. Thomas was unable to establish these factual allegations regarding Taco Bell's involvement with the Chicago campaign, as she was unable to establish any approval or control by Taco Bell over the Association's SMS campaign. The court held that "knowledge, approval, and fund administration falls short of establishing Taco Bell directed or supervised the text message campaign … she cannot hold Taco Bell vicariously liable…." *Id.* at *18.

As in *Taco Bell*, the Complaint at issue does not contain any allegation that Herbalife exercised any control over the unknown entity who sent the message, specifically, that Herbalife controlled the manner and means that the message was sent. There is also no allegation in the Complaint that an agent of Herbalife or an entity working as its alter ego sent the message. The Complaint puts forth no connection whatsoever between the initial message and the Herbalife site reached by Plaintiff, except to say that she followed a series of links that led her there.

Without drawing any additional connection, the allegations in the Complaint, if accepted as true, do not set forth the necessary elements of a TCPA claim.

### C. Plaintiff has failed to allege facts sufficient to support a claim under § 17200 et seq. of the California Business and Professions Code

Plaintiff also alleges that the text message at issue violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. The alleged violation is entirely premised on the asserted TCPA violation, and does not independently allege any act that violates the California statute separate from the TCPA: "Virtually any violation of any civil or criminal federal, state or municipal, statutory, regulatory, court-made or local law can serve as a predicate for an 'unlawful' claim. Defendant Herbalife's violation of one or more provisions of 47 U.S.C. § 227 of the Telephone Consumer Protection Act as alleged herein, would satisfy the 'unlawful' prong of § 17200." (Compl. ¶ 60). Therefore, if the TCPA claims fail to state a claim, as they do, the claim of violation of California law also necessarily fails. *See, e.g., Hughes v. Frontrange Solutions USA, Inc.*, No. D049869, 2007 Cal. App. Unpub. LEXIS 8344, at *27 n. 14 (Cal. Ct. App. Oct. 16, 2007) (dismissing plaintiff's cause of action under § 17200 et seq. because it was solely premised on alleged TCPA violations that were dismissed).

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Dismiss the Complaint with prejudice, as Plaintiff does not, and cannot, allege the requisite facts to state a claim.

Dated: December 17, 2012          VENABLE LLP

By: /s/ Daniel S. Silverman
    Daniel S. Silverman

Attorneys for Defendants
HERBALIFE INTERNATIONAL, INC. and HERBALIFE INTERNATIONAL OF AMERICA, INC.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

9

DEFTS' NTC MTN AND MTN TO DISMISS PLTF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)

6282994-v1